BILLY CANNON,

        Plaintiff,

v.

REED RICHARDSON,

        Defendant.

Case No. 15-cv-437-pp

## ORDER SCREENING PETITION AND REQUIRING RESPONSE

On April 13, 2015, Billy Cannon, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. The complaint alleges that the petitioner pled not guilty to conspiracy to deliver and manufacture cocaine, conspiracy to deliver marijuana, and possession of a firearm by a felon. Id. at 2. A jury found the petitioner guilty of all three counts and the court sentenced him to sixteen years of incarceration and fourteen years of extended supervision. Id. Currently, the petitioner is incarcerated at Stanley Correctional Institution. Id. at 1.

The petition raises two claims. Dkt. No. 1 at 6—7. First, the petitioner argues that the court violated the Double Jeopardy Clause of the Fifth Amendment. Id. Specifically, he argues that on March 20, 2009, the state charged him with conspiracy to deliver a controlled substance, possession of a firearm by a felon, and furnishing a firearm to a felon. Id. at 6-7. He asserts

that he was acquitted after trial on the drug charge, and that he pled guilty to the two firearms charges. Id. at 7. The petition states that six weeks later, on February 24, 2011, the state again charged him with exactly the same crimes. Id. at 7, 12. He argues that the February 2011 prosecution violated the Double Jeopardy Clause of the Fifth Amendment, as well as the fact that it was barred by collateral estoppel, issue preclusion and claim preclusion. Id. at 12. Second, the petitioner asserts that "[t]he State failed to follow clearly established Federal Law and Standard for Review of the Contrary to Clause of the AEDPA." Id. at 7. For this ground, he re-asserts the same facts regarding the second prosecution, and then states that the state "refuse[d]" to "follow clearly established Federal Law and those Standards for Review of the Contrary to Clause of the AEDPA." Id.

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). This means, basically, that before a person can get a federal judge to review his

arguments on a habeas petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petitioner to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982); and Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

The petitioner alleges in his complaint that he appealed the two issues he raises here to the Wisconsin Court of Appeals on February 4, 2014, and that the Court of Appeals denied the request to stay the trial court proceedings on February 7, 2014. Dkt. No. 1 at 3. He further alleges that on March 10, 2014, he filed a petition for review of the two issues with the Wisconsin Supreme Court, and that the Court denied the petition on May 22, 2014. Id. Based on the assertions the petitioner makes on the face of his petition, it appears that he has exhausted his state remedies, and thus that this court can move on to the question of whether his claims are the type for which a federal court can grant habeas relief. The court notes, however, that it has not made a full review of whether the plaintiff properly exhausted all four claims, or whether he has procedurally defaulted on any of those claims; the respondent may raise objections to exhaustion or default in his pleadings.

3

The court now moves to consider whether the petitioner has raised claims for which federal habeas relief might be available. Section 2254(a) allows a federal district court to consider the merits of a habeas petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first claim—that the state court violated double jeopardy—is a claim based on the Fifth Amendment of the Constitution. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." U.S. v. Wilson, 420 U.S. 332, 343 (1975) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). Based on the facts the petitioner has alleged on the face of the petition, the court finds that the petitioner's first claim is one for which a federal court could grant habeas relief.

The petitioner's second claim is not so straightforward. On page 7, the petitioner states, "The State failed to follow clearly established Federal Law and

Standard for Review of the Contrary to Clause of the AEDPA." Dkt. No. 1 at 7. The petitioner asserts that the State "forced" him "to go to trial on a second same offense before the resolution of his appeals process that is afforded to him under the U.S. Constitution of the Bill of Rights [F]ifth [A]mendment . . . , and follow clearly established Federal Law and those Standards for Review of the Contrary to Clause of the AEDPA." Id. In the attachment to the petition, the petitioner states that a "violation of the Contrary to clause of AEDPA . . . is a substantive Due Process violation resulting in reversal." Dkt. No. 1-1 at 1.

"AEDPA" is the Antiterrorism and Effective Death Penalty Act of 1996—the name of the act that is now 28 U.S.C. §2254. The portion of the statute to which it appears the petitioner refers is §2254(d)(1), which states that a federal judge cannot grant habeas corpus relief on a claim which was adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." So all that §2254(d) says is that this court cannot grant habeas relief on any claim that the Milwaukee County Circuit Court adjudicated on the merits unless that adjudication resulted in a decision contrary to clearly-established federal law.

The petitioner has not explained which decision of which court violated which clearly established Federal law. If what he means is that the state violated the Double Jeopardy Clause when it prosecuted him a second time, and that the subsequent appellate courts perpetuated that violation by affirming his convictions, then he doesn't need a separate AEDPA cause of

5

action for relief. It is enough to allege that the state and the state courts violated his rights under the Double Jeopardy Clause. The court finds, therefore, that ground two of the petition does not state a claim for which a federal court may grant habeas relief.

For the above reasons, the court **ORDERS** that the petitioner may proceed on the first ground listed in his petition—his claim that the February 2011 prosecution and resulting conviction violated the Double Jeopardy Clause of the Fifth Amendment to the Constitution. The court **ORDERS** that the petitioner's second ground does not state a claim for which a federal court may grant habeas relief, and will not allow him to proceed on that claim.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claim:

(1) the petitioner has **forty-five days** following after the respondent files his answer to file his brief in support of the petition;

(2) the respondent has **forty-five days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty** pages, and reply briefs may not exceed **fifteen** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Stanley Correction Institution.

Dated at Milwaukee, this 1st day of June, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Court Judge