IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,                                      Case No. 15-cv-437-pp

        Petitioner,

v.

REED RICHARDSON,

        Respondent.

**DECISION AND ORDER DENYING PETITIONER'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 19) AND DENYING PETITIONER'S MOTION TO DECIDE THE CASE ON THE PLEADINGS (DKT. NO. 20)**

On September 8, 2015, the petitioner filed a second motion to appoint counsel. Dkt. No. 20. He had filed a motion to appoint counsel back in May 2015, Dkt. No. 11, and the court had denied that motion without prejudice, because he'd not shown that he'd tried to find counsel on his own.

In this second motion to appoint counsel, the petitioner asserts that his daughter helped him contact three attorneys and that none of those efforts resulted in the retention of counsel. Dkt. No. 19 at 3.

First, the petitioner reached out to Attorney William Burke. Dkt. No. 19 at 3. According to the petitioner, he and his daughter paid a retainer to Attorney Burke. then lost contact with counsel. Id. The petitioner attached several letters to his motion. The first letter, addressed to Attorney Burke, shows the petitioner's efforts to retain counsel for assistance with two petitions for habeas relief. Dkt. No. 19-1 at 1-2. The second letter, addressed to the

1

petitioner, shows Attorney Burke requesting a retainer of $2,500 per petition or $5,000 total. Id. at 3-4. On July 9, 2015, the petitioner submitted $2,500 to Attorney Burke via a cashier's check. Id. at 5. The petitioner alleges that he subsequently lost contact with Attorney Burke. Dkt. No. 19 at 3. Attorney Burke has never made an appearance in this case.

In addition to Attorney Burke, the petitioner reached out to Attorney Joshua Uller. Dkt. No. 19-1 at 6. Unfortunately, the United States Postal Service returned that letter to the petitioner and indicated that no such address existed. Id. at 8. See also Dkt. No. 19 at 3. Attorney Uller has never made an appearance in this case. Next, the petitioner sent a letter to Attorney Michael Backes. Dkt. No. 19-1 at 9. The petitioner alleges that he never received a response from Attorney Backes. Dkt. No. 19 at 3. Attorney Backes has never made an appearance in this case.

The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under §2254 if "the court determines that the interests of justice so require" and if the person is "financially eligible." 18 U.S.C. §3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief." Pruitt v. Mote, 503 F.3d 647,

2

657 (7th Cir. 2007). While "an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico*," "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." Id. at 649.

To determine whether it will appoint counsel in a habeas case, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate himself?" Id. at 654. The Seventh Circuit has not explicitly defined "reasonable attempt to obtain counsel." It has affirmed one court's requirement that the petitioner provide the names and addresses of at least three attorneys that the petitioner reached out to and who turned him down. Romanelli v. Suilene, No. 07-C-19, 2008 WL 4681778 (W.D. Wis. Mar. 23, 2007), aff'd, 615 F.3d 847, 852 (7th Cir. 2010).

As a result of the facts alleged and the evidence the petitioner attached to this second motion to appoint counsel, the court finds that the petitioner has satisfied the first Pruitt requirement—he has made reasonable efforts to retain counsel.

The court next must determine whether the petitioner has satisfied the second Pruitt requirement—is the petitioner competent enough to litigate the case himself? In his second motion to appoint counsel, the petitioner asserts that the case will require expert witnesses, "lots of investigation," and evaluation of evidence. Dkt. No. 19 at 4. He states that he cannot present the

3

case himself "because of the overwhelming amount of documents obtained . . ., the limited resources of the Law Library within the institution . . .," and the "complexity of this case." Id.

While the court understands that the petitioner is not an attorney and that he has limited resources, at this time, the case remains in the early stages, and the court concludes that it has not risen to a level of complexity that requires the assistance of an attorney. The court points to the petitioner's well-written and well-argued motion to appoint counsel. As discussed further below, the petitioner has also demonstrated, in his motion to decide the case on the pleadings (Dkt. No. 20), that he has the ability to view the case docket, to file relevant pleadings, and to make timely arguments on his own. The court has not yet reviewed the merits of this case—it remains in the briefing stage. Therefore, the court cannot decide whether the issues involved are so complex that the petitioner cannot pursue them on his own. The court also does not know, at this point, whether any evidence will be required (it is rare that the court requires evidence in habeas corpus cases).

The court continues to believe that, at this point in the proceedings, the petitioner can competently represent himself. The court will deny without prejudice the motion to appoint counsel. If the court later requires an evidentiary hearing or witness testimony, the petitioner may renew his motion at that time.

In addition to filing a second motion to appoint counsel, the petitioner has filed a "motion to decide this case on the brief and pleadings filed by the

4

petitioner in this court." Dkt. No. 20. The petitioner states that the respondent requested an extension of time (Dkt. No. 16) to respond to the petition, and that the court granted that extension (Text-Only Order, July 29, 2015). Id. at 1. The court gave the respondent until August 28, 2015 to respond. Id. at 1; see also Text-Only Order, July 29, 2015. According to the petitioner, "As of 9/3/2015, the respondent has . . . failed to 'timely' file a response . . . and . . . failed to 'timely' serve the petitioner with a response." Id. The petitioner requests that the court hold the respondent in contempt and decide the case on his pleadings alone. Id. at 2. To support his statements, the petitioner attached a copy of the docket as it stood on July 29, 2015. Dkt. No. 20-1.

It is true that as of July 29, 2015, the respondent had not filed a response to the habeas petition. July 29, 2015, however, is the date on which the court granted the respondent's request for an extension of time and ordered the respondent to file a responsive pleading *by August 28, 2015*. On that very date—August 28, 2015—the respondent filed a motion to dismiss the petition on August 28, 2015 (Dkt. No. 17), with an accompanying brief (Dkt. No. 18). The court understands that the petitioner may not have had access to an updated docket on August 28, 2015—or on September 3, 2015. Further, due to the unpredictability of the U.S. mail and the mail processing procedures at Stanley Correctional Institution, it may have taken additional time for the documents to reach the petitioner. But the respondent did comply with the court's order by filing the response in a timely fashion. The respondent filed a

5

certificate of service with his motion (Dkt. No. 17-1) and his brief (Dkt. No. 18-2) that demonstrates this fact.

The court will deny the petitioner's motion for a ruling on the pleadings. The court will set a new response deadline for the petitioner to file a brief in opposition to the respondent's motion to dismiss and a reply deadline for the respondent.

**WHEREFORE** the court **DENIES WITHOUT PREJUDICE** the petitioner's second motion for appointment of counsel (Dkt. No. 19). The court also **DENIES** the petitioner's motion to decide this case on the brief and pleadings of the petitioner (Dkt. No. 20).

The court **ORDERS** that within **forty-five days** of the date of this order, the petitioner must file a brief in opposition to the respondent's motion to dismiss (Dkt. Nos. 17, 18). If the respondent chooses to file a reply brief, he must do so within **thirty days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), a brief in opposition to a motion to dismiss shall not exceed **thirty** pages, and reply briefs may not exceed **fifteen** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order

to the Attorney General for the State of Wisconsin and to the Warden of Stanley Correctional Institution.

Dated in Milwaukee, this 10th day of Septemner, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge