IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,                                              Case No. 15-cv-437-pp

    Petitioner,

v.

REED RICHARDSON,

    Respondent.

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 17) AND STAYING THE PETITION TO ALLOW THE PETITIONER TO EXHAUST HIS STATE COURT REMEDIES**

On April 13, 2015, Billy Cannon, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. On June 1, 2015, the court screened the petition, allowed him to proceed on a Fifth Amendment Double Jeopardy claim, and ordered the defendant to respond. Dkt. No. 13. On August 28, 2015, the respondent filed a motion to dismiss. Dkt. No. 17. The parties fully briefed the motion. Then, on December 14, 2015, counsel made an appearance on behalf of the petitioner. Dkt. No. 29. Counsel filed a motion, asking to allow him to file supplemental briefing on the motion to dismiss. Dkt. No. 30. The court granted that request, and the parties now have completed the supplemental briefing. For the reasons stated below, the court will deny the respondent's motion to dismiss, and will stay proceedings to allow the petitioner to try to exhaust his state remedies.

1

## I.     FACTS AND PROCEDURAL HISTORY

### A.     The Petitioner's Two State-Court Cases

#### i.     *State v. Cannon*, Case No. 2009CF001337 (Milwaukee Cnty. 2009)

On March 20, 2009, the Milwaukee County district attorney filed a complaint against Billy Joe Cannon. State v. Cannon, Case No. 2009CF001337, available at https://wcca.wicourts.gov. The complaint alleged three counts: (1) manufacturing and delivering cocaine; (2) possession of a firearm by a felon; and (3) furnishing a firearm to an unauthorized person. The jury trial began on January 10, 2011, and on January 12, 2011, the jury found the petitioner not guilty as to Count One (the drug charge); the court dismissed that count. The court then adjourned the trial on the remaining two counts to March 23, 2011. Id. On that date, the petitioner entered a guilty plea to Count Two (possession of a firearm by a convicted felon), and the State moved to dismiss Count Three (furnishing a firearm to an unauthorized person). The court accepted the guilty plea to Count Two, entered judgment, and granted the State's motion to dismiss Count Three. On April 11, 2012, the court sentenced the petitioner to two years' imprisonment and two years of extended supervision on the Count Two charge of conviction. Id.

On April 13, 2012, the petitioner filed a notice of intent to pursue post-conviction relief. Id. On April 17, 2012, the court entered the judgment of conviction. On October 9, 2012, the court entered an order denying the petitioner's motion to vacate the sentence. On May 22, 2013, the petitioner filed a *pro se* motion for post-conviction relief. The Wisconsin Court of Appeals

2

ordered the state court to decide this motion by August 21, 2013, then extended the deadline to December 30, 2013. On December 18, 2013, the state court denied the motion. Id.

On December 19, 2013, the petitioner filed a notice of appeal. Id. On November 12, 2014, the Wisconsin Court of Appeals affirmed the judgment, and, on December 15, 2014, the petitioner sought review from the Wisconsin Supreme Court. On February 12, 2015, the Supreme Court affirmed the judgment of conviction. Id. As of the date of this order, the petitioner does not have any pending motions before any state courts in Case No. 2009CF001337.

      ii.      *State v. Cannon*, Case No. 2011CF000924 (Milwaukee Cnty. 2011)

On February 22, 2011—a couple of years after the Milwaukee County district attorney charged him in the previously-described case—an arrest warrant was issued for the petitioner. State v. Cannon, Case No. 2011CF000924, available at https://wcca.wicourts.gov. The district attorney's office filed a complaint on February 24, 2011, charging the petitioner with three counts: (1) manufacturing and delivering cocaine; (2) possession of THC with intent to distribute; and (3) furnishing a firearm to an unauthorized person. At the arraignment on March 7, 2011, the petitioner entered not-guilty pleas on all counts. The case proceeded to a jury trial on February 10, 2014. On February 14, 2014, the jury found the petitioner guilty on all three counts. Id.

On April 1, 2014, the petitioner was sentenced by the Milwaukee County Circuit Court. Id. On the manufacturing and delivering cocaine charge alleged

3

in Count One, the petitioner received twelve years of incarceration and ten years of extended supervision. On the marijuana charge alleged in Count Two, the court sentenced the petitioner to seven years in prison and four years of extended supervision, to run concurrently with the sentence imposed in Count One. On the furnishing a firearm charge in Count Three, the petitioner received four years in prison and four years of extended supervision, to run consecutive to the sentences imposed in Counts One and Two. Id. The court entered the judgment of conviction on April 4, 2014.

On April 2, 2014, immediately following his sentence, the petitioner filed a notice of intent to pursue post-conviction relief. Id. That same day, he filed a motion for sentence credit. The court granted the sentence credit motion on April 3, 2014, giving the petitioner credit for fifty-five days of time served toward Counts One and Two. Id. The next day, the petitioner filed another notice of intent to seek post-conviction relief. While it is not entirely clear from the circuit court docket, it appears that the petitioner pursued one or the other of the post-conviction relief motions to the Wisconsin Court of Appeals and to the Wisconsin Supreme Court. On May 27, 2014, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

On August 11, 2015, the Wisconsin Court of Appeals ordered the petitioner to file a post-conviction motion or notice of appeal by October 23, 2015. Id. The court eventually extended that deadline to March 29, 2016. This means that, as of the date of this order, the petitioner continues to pursue

post-conviction relief of some sort in the state courts for Case No. 2011CF000924.

B.   The Decision of the Wisconsin Court of Appeals

On February 7, 2014, the Wisconsin Court of Appeals issued a decision denying "the petition for a writ of *habeas corpus* and the request to stay the trial court proceedings" in 2011CF924, the second case discussed above. Dkt. No. 1-1 at 2. The decision stated that on February 4, 2014, the petitioner had "filed a petition for a writ of *habeas corpus*" with the Wisconsin Court of Appeals, "asserting that his criminal prosecution in 2011CF924 . . . violate[d] double jeopardy and is contrary to the doctrines of issue and claim preclusion." Id. at 2 (internal quotation marks omitted). At the time he filed the state court petition, the petitioner's jury trial was set to begin in six days—on February 10, 2014—and in the *habeas* writ, he had asked the Court of Appeals to stay the trial.

The Court of Appeals recounted the proceedings in the petitioner's 2009 case, and noted that the judge in the 2011 case had "considered numerous motions that were filed by [the petitioner], including: motion to dismiss based on double jeopardy and issue preclusion . . . [which] the trial court denied . . . on December 8, 2012." Id. at 3-4. "In June 2013, [the petitioner], who at that time was representing himself, filed a *pro se* motion to reconsider the ruling on double jeopardy," and "[t]he trial court denied the motion for reconsideration on June 23, 2014." Id. at 4.

5

The Court of Appeals noted that the petitioner had requested "an extraordinary remedy," but that he had "fail[ed] to demonstrate that he [was] entitled to *habeas corpus* relief." Id. at 5 (citing State v. Pozo, 258 Wis.2d 796 (Wis. Ct. App. 2002)). The court stated that it could not determine "if [the petitioner] [argued] that the second drug charge should be precluded, or if [he] [asserted] that the State should not have been allowed to again charge [the petitioner] with furnishing a firearm." Id. The court called it "most glaring" that the petition "fail[ed] to make any attempt to explain why there is no other adequate remedy available in the law." Id. (internal quotation marks and citation omitted). Because the petitioner "failed to show that he [was] entitled to *habeas corpus* relief," the Court of Appeals denied the petition for *habeas* relief and denied the request to stay the trial. Id. at 5-6. On May 22, 2014, the Supreme Court of Wisconsin denied the petition for review. Dkt. No. 1-1 at 7.

C. The Petitioner's Federal *Habeas* Petition

On April 13, 2015, the petitioner filed a petition for federal *habeas corpus* relief. Dkt. No. 1. He alleges that he filed two direct state appeals of his conviction. Id. at 3. He alleged that first, on February 4, 2014, he had filed an appeal seeking to "[s]tay the trial until resolution of appeal for double jeopardy." Id. He alleged that he'd filed the second appeal on March 10, 2014, raising the "failure to stay the trial for Double Jeopardy Challenge." Id.

The federal *habeas* petition raises two claims. Dkt. No. 1 at 6-7. First, the petitioner argues that in the second case (the 2011 case), the State violated the Double Jeopardy Clause of the Fifth Amendment. Id. Specifically, he argues

6

that, on March 20, 2009, the State charged him with conspiracy to deliver a controlled substance, possession of a firearm by a felon, and furnishing a firearm to a felon. Id. He asserts that he was acquitted on the drug charge, and that he pled guilty to the two firearms charges. Id. at 7. He then alleges that six weeks later, on February 24, 2011, the State charged him with exactly the same crimes. Id. at 7, 12. He argues that the February 2011 prosecution violated the Double Jeopardy Clause of the Fifth Amendment, and that it was barred by collateral estoppel, issue preclusion, and claim preclusion. Id. at 12.

Second, the petitioner asserts that in the second case, "[t]he State failed to follow clearly established Federal Law and Standard for Review of the Contrary to Clause of the AEDPA." Id. at 7. For this ground, he re-asserts the same facts regarding the second prosecution, then argues that the State "refuse[d]" to "follow clearly established Federal Law and those Standards for Review of the Contrary to Clause of the AEDPA." Id.

On June 1, 2015, this court screened the petition. Dkt. No. 13. The court found that the petitioner sufficiently had pleaded exhaustion of his state court remedies. Id. at 3. It also determined that the petitioner had stated *one* claim for which this court could grant relief: the claim alleging that the State violated his rights under the Double Jeopardy Clause. Id. at 6.

D.   The Respondent's Motion to Dismiss (Dkt. No. 17)

On August 28, 2015, the respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. Dkt. No. 17. The respondent argued that the court must dismiss the petition because the

7

petitioner had "failed to properly exhaust his state court remedies for his double jeopardy claim and still has an available remedy for the claim through his direct state court appeal of his convictions." Id. at 18.

The respondent pointed to the state court's online records, which showed that the petitioner "[was] in the process of taking a direct appeal of his convictions in case number 2011CF924." Id. According to the respondent, not only had the petitioner not exhausted his claims, but "his state habeas petition did not serve as the appropriate vehicle by which to present his double jeopardy claim to the state courts and he [still] has the right under state law to raise this claim in his direct appeal of his convictions." Id. at 6-7.

Because the Wisconsin Court of Appeals found that the petitioner had not satisfied the "procedural requirements for prosecuting a writ of habeas corpus," the respondent argued that the petitioner "fail[ed] to satisfy the state law prerequisites to litigate his state habeas petition," that he did not fairly present the issues to the state courts, and that he did not exhaust his claim. Id. at 7-8. Finally, the respondent asserted that the petitioner still "has an available state court remedy . . . : his direct appeal from his convictions in 2011CF924." Id. at 8. This "is the normal procedure by which a habeas petitioner exhausts his claims," and the respondent asked the court to dismiss the petition while the petitioner continued pursuit of that remedy in state court.

   *i.*   *The Petitioner's* Pro Se *Response*

8

On October 6, 2015, the petitioner, at that time still representing himself, responded to the motion to dismiss. Dkt. No. 26. After recounting the procedural history of his 2011 state-court proceedings, the petitioner set up his argument. First, the petitioner re-argued his *habeas* claim: that the State had violated the Double Jeopardy Clause. He attacked the decision of the Wisconsin Court of Appeals, and asserted that he could not get a fair trial in the state court. He argued, "Petitioner has made many attempts to give the State Courts an opportunity to decide this case of the merits in which all Wisconsin Courts have failed to do or has refused to do[] [o]ne full run." Id. at 7. He asserted that he "ha[d] fulfilled all State obligations and allowed the State to have one full round to the Wisconsin Supreme Court on the Double Jeopardy Claim." Id. at 9.

If what the respondent argued is true, the petitioner appears to acknowledge that if this court does not hear his Double Jeopardy claim now, "he will be back in this same position 3 or 4 years from now asking this Federal Court to grant Habeas Corpus Relief for the same issue in which this court has jurisdiction to resolve in this petition." Id. at 11. He concluded by asking this court to set aside his conviction. Id. at 16.

    ii.    The Respondent's Reply

On November 4, 2015, the respondent replied. Dkt. No. 28. The respondent raised two main points. First, he argues that "even if [the petitioner's] state habeas petition were sufficient to exhaust his double jeopardy claim, this court would have to deny [the petitioner] relief . . . due to

9

procedural default." Id. at 2. According to the respondent, the Wisconsin Court of Appeals has yet to address the merits of the petitioner's Double Jeopardy Claim. Instead, the Court of Appeals dismissed the state *habeas* petition, because the petitioner had not "satisfied Wisconsin's procedural prerequisites for obtaining habeas relief;" he did not demonstrate why no other adequate remedy existed under the law. Id. at 2-3. "[The petitioner] should welcome another opportunity to attempt to raise his claim in state court so he can adequately present it and obtain a decision on the merits." Id. at 3. Second, the respondent reminded this court that the Wisconsin online docket records showed that the petitioner was, even as his federal *habeas* was pending, continuing to pursue a remedy on appeal from his final judgment of conviction, and that briefing in state court has not completed as of the date of the reply. Id.

### iii. The Supplemental Briefing

On December 14, 2015, counsel made an appearance on behalf of the petitioner. Dkt. No. 29. Counsel also filed a motion for leave to file a supplemental response to the motion to dismiss, "so that [the petitioner] receives the full benefit of his effort to retain counsel." Dkt. No. 30. On December 15, 2015, the court granted that motion. Dkt. No. 31. After a series of deadline extensions, the petitioner filed a supplemental response on January 29, 2016, Dkt. No. 34, and on February 19, 2016, the respondent filed a supplemental reply, Dkt. No. 35.

10

In the supplemental response, the petitioner has split the one Double Jeopardy claim into two parts. He states:

> [The petitioner's] petition for a writ of habeas corpus rests on two grounds: 1) that his Fifth and Fourteenth amendment right against double jeopardy was violated when he was retried in 2014 for the same conduct for which he was acquitted in trial in 2011; and 2) that his Fifth and Fourteenth [A]mendment right[s] against double jeopardy [were] violated when he was convicted of conduct in 2014 for which he was acquitted in 2011.

Dkt. No. 34 at 1. The petitioner asserted that his state *habeas* petition *had* exhausted the remedies for the first portion of the claim—that the 2014 re-trial violated Double Jeopardy.

The petitioner then acknowledged that his "2014 conviction is currently on direct appeal." Dkt. No. 34 at 2. As a result, he also "acknowledge[d] [that] his second claim—that his 2014 conviction violates his right against double jeopardy—has not been exhausted because his direct appeal is ongoing." Id. Despite this, the petitioner asked the court to "consider the merits of [the] double jeopardy claim because the analysis for each claim is the same." Id. at 2-3. In the alternative, he "ask[ed] the Court to stay his petition . . . and hold the federal case in abeyance while he exhausts his state remedies." Id. at 3-4. He asserted that his *pro se* federal *habeas* filing was an attempt "to guarantee his claim that his retrial violated his right against double jeopardy was not barred by the one-year limitations period contained in 28 U.S.C. §2244(d)." Id. at 4. The petitioner asked that the court "excuse" him "from not knowing that

11

the limitations period had not yet commenced because his direct appeal rights had not been exhausted considering he filed his petition *pro se*." Id.

In the February 19, 2016 supplemental reply, the respondent stated that he "ha[d] no objection to a stay," but "he fail[ed] to see why one [wa]s necessary." Dkt. No. 35 at 2. The petitioner's "direct state appeal is ongoing" and the "statute of limitations has . . . not started to run, so there is no danger that he will miss his filing deadline if the [state] case is dismissed and he has to refile his [federal *habeas*] petition." Id. (citing 28 U.S.C. §2244(d)(1)(A)). The respondent asked the court to "require [the petitioner] to take advantage of his available remedy"—that he continue his direct appeal—"before it considers his claim." Id. at 3.

## II. EXHAUSTION OF REMEDIES

Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a *habeas* petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007)

12

(citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

The petitioner has acknowledged, and the court agrees, that he has not exhausted his state remedies. The February 7, 2014 decision from the Wisconsin Court of Appeals did not address the merits of the petitioner's Double Jeopardy claim. The petitioner currently is pursuing an appeal of the 2014 judgement in the Wisconsin state courts, and the Wisconsin Court of Appeals has extended the deadline for him to file a notice of post-conviction motion or notice of appeal to March 29, 2016. See State v. Cannon, No. 2011CF000924, available at https://wcca.wicourts.gov. This means that the petitioner has not "fairly presented" his Double Jeopardy claim to the state courts. See Byers v. Basinger, 610 F.3d 980, 985 (7th Cir. 2010) ("The burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised.") (quoting Bell v. Cone, 543 U.S. 447, 451 n.3, 125 S. Ct. 847 (2005)).

Although the petitioner has attempted to divide his Double Jeopardy claim into two parts, those two parts make up the whole of the one Double Jeopardy claim that the court allowed him to proceed upon. The above facts demonstrate that that one claim has not been exhausted. When a petitioner presents a petition containing an unexhausted claim, the court has two options: it can dismiss the case without prejudice, which allows the petitioner to come back to federal court and seek *habeas* relief once he exhausts his state remedies, or the court can stay the case and hold it in abeyance while the petitioner exhausts his remedies. See Pace v. DiGugliemo, 544 U.S. 408 (2005); Rhines v. Weber, 544 U.S. 269 (2005).

In Rose v. Lundy, the Supreme Court instructed federal district courts either to dismiss a petition that presents a mix of exhausted and unexhausted claims, 455 U.S. 509, 510 (1982), or to allow the petitioner, if he so chooses, to amend his petition by deleting the unexhausted claims and proceeding solely on the exhausted claims, 455 U.S. at 520. Under Rhines v. Weber, courts may stay unexhausted claims in certain situations. 544 U.S. at 275. A district court has the discretion to stay a case (1) if the petitioner shows "good cause for his failure to exhaust," (2) if the petitioner's "unexhausted claims are potentially meritorious," and (3) if "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

One month after issuing the Rhines decision, the Supreme Court decided Pace v. DiGugliemo, 544 U.S. 408 (2005). Pace opened the door for "protective petitions." Id. at 416. Citing Rhines, the Supreme Court stated that a petitioner

14

"seeking state postconviction relief might avoid" missing the AEDPA's filing deadline "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Id. Pace also noted that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. (citing Rhines, 544 U.S. at 278). See also Powell v. Davis, 415 F.3d 722, 728 (7th Cir. 2005) (A petitioner confused about the limitations period may file a protective petition and seek stay and abeyance while he exhausts his state remedies). As this court recently held, "'Whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action.'" Lipson v. Clements, No. 15-CV-810, 2015 WL 5883790, at *1 (E.D. Wis. Oct. 8, 2015) (quoting Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008)).

The petitioner's confusion about exhaustion of his state remedies demonstrates good cause for his failure to exhaust. The court also will take into account the fact that he is in the midst of pursuing a direct appeal from his 2014 conviction. His Double Jeopardy claim is not clearly meritless, and he has not displayed any dilatory litigation tactics. In fact, the petitioner has made timely and well-thought efforts to pursue this case since he filed his petition in 2015. For these reasons, the court will deny the respondent's motion to dismiss, and will stay the case while the petitioner pursues his state remedies. The court will require the petitioner to file regular updates regarding the status of his state appeal.

## IV. CONCLUSION

The court **DENIES** the respondent's motion to dismiss (Dkt. No. 17). The court **STAYS** the proceedings in this case pending exhaustion of the petitioner's state court remedies. The court **ORDERS** the petitioner to provide a status report on the state proceedings every **sixty (60) days** until he exhausts his remedies. The court **ORDERS** the petitioner to file a motion to lift the stay within **sixty (60)** days of completing exhaustion.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Stanley Correctional Institution.

Dated in Milwaukee, Wisconsin this 15th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge