UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,

        Petitioner,

v.                                        Case No. 15-cv-437-pp

CHRIS BUESGEN,

        Respondent.

## ORDER DENYING MOTION FOR JOINDER (DKT. NO. 58)

On April 13, 2015, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for conspiracy to deliver and manufacture cocaine, conspiracy to deliver marijuana and possession of a firearm by a felon. Dkt. No. 1. The respondent has moved to dismiss the petition, arguing that the petitioner failed to exhaust his available state court remedies. Dkt. No. 55. The petitioner, who at the time he filed the petition was represented by counsel,[1] filed an opposition brief, asserting that

---

[1] On December 14, 2015, Attorney Brian Mullins filed a notice of appearance on behalf of the petitioner. DKt. No. 29. On December 2, 2016, Attorney Mullins filed a motion to withdraw, indicating that the petitioner had no further funds with which to pay him. Dkt. No. 41. The court granted that motion and ordered Federal Defender Services to appoint counsel. Dkt. No. 42. Less than three weeks later, Attorney Anderson Gansner of FDSW filed a notice of appearance on the petitioner's behalf. Dkt. No. 43. Attorney Gansner represented the petitioner until June 8, 2023, when he notified the court that he had been appointed to serve as a judge on the Milwaukee County Circuit Court and no longer could practice law. Dkt. No. 59. The court granted the motion to withdraw but deferred appointing counsel for the petitioner because the motion to dismiss had been fully briefed. Dkt. No. 60. The court indicated that once it reviewed the pending pleadings, it would determine whether appointment of counsel was necessary. Id.

1

although he was pursuing a state postconviction motion, he had exhausted the sole claim he is pursuing on federal *habeas* review—whether his cocaine conspiracy conviction violated the Fifth Amendment's Double Jeopardy Clause. Dkt. No. 56. Almost two months after the court received that response, the petitioner—on his own and while he still was represented by counsel—filed a motion for joinder, asking the court to join his state post-conviction proceeding and this case. Dkt. No. 58. This order will deny the motion for a joinder.

**I.    Background**

On April 13, 2015, the petitioner filed a petition under 28 U.S.C. §2254, challenging his 2014 conviction for conspiracy to deliver and manufacture cocaine, conspiracy to deliver marijuana. Dkt. No. 1. The petition raised two claims. Id. at 6-7. First, the petitioner argued that the State had violated the Double Jeopardy Clause of the Fifth Amendment. Id. at 6. The petitioner alleged that on March 20, 2009, the State had charged him with conspiracy to deliver a controlled substance, possession of a firearm by a felon and furnishing a firearm to a felon. Id. He asserted that he had been acquitted on the drug charge and had pled guilty to the firearms charges. Id. at 7. According to the defendant, six weeks later, on February 24, 2011, the State charged him with the same crimes, in violation of the Double Jeopardy Clause. Id. at 7, 12. As to his second claim, the petitioner argued that "[t]he State failed to follow clearly established Federal Law and Standard for Review of the Contrary to Clause of the AEDPA [Antiterrorism and Effective Death Penalty Act]." Id. at 7. On June 1, 2015, the court screened the §2254 petition and allowed the petitioner to proceed on the Double Jeopardy Clause claim. Dkt. No. 13.

The respondent filed a motion to dismiss the petition for failure to exhaust state court remedies, arguing that the petitioner still had an available

2

remedy for the Double Jeopardy Clause claim through the direct state court appeal process. Dkt. No. 17 at 18. After a full round of briefing, counsel appeared on behalf of the petitioner, dkt. no. 29, and filed a supplemental response to the motion to dismiss, dkt. no. 34. In the response, the petitioner explained that he had split the Double Jeopardy claim into two parts: 1) a violation of the Double Jeopardy Clause that occurred when the State retried him in 2014 for the same conduct of which he was acquitted in 2011 and 2) a violation of the Double Jeopardy Clause that occurred when he was convicted in 2014 of crimes of which he was acquitted in 2011. Dkt. No. 34 at 1. The petitioner asserted that he had exhausted his remedies as to the first portion of the claim but that he was in the process of exhausting his remedies as to the second portion—the claim that his 2014 conviction violated the Double Jeopardy Clause. Id. at 2. On March 15, 2016, the court denied the motion to dismiss and stayed the federal proceedings pending exhaustion of the petitioner's state court remedies. Dkt. No. 36.

On May 3, 2022, the petitioner—through different counsel—filed a "Motion to Lift Stay and Reopen Defendant's Case," indicating that he had exhausted his state court remedies. Dkt. No. 48. The court granted the motion and ordered the clerk's office to reopen the case. Dkt. No. 50. Just under six months later, the respondent filed another motion to dismiss. Dkt. No. 54. The respondent argued that the court should dismiss the petition because the petitioner still was in the process of exhausting available state court remedies. Dkt. No. 55 at 1. In opposition, the petitioner responded that he had "exhausted his remedies with regard to the single claim he raises here." Dkt. No. 56 at 2. The petitioner explained that while he had "launched a separate pro se state collateral attack on his felon-in-possession conviction last year," he

3

was not raising any unexhausted claims in his §2254 petition. Id. at 2-3. The petitioner argued that his petition properly raised one claim: "whether his cocaine conspiracy conviction violates the constitution's Double Jeopardy clause." Id. at 3. The petitioner explained that he understood "that by proceeding on his one exhausted and properly presented claim, he will likely be barred from raising other claims in a future habeas proceeding. These include the claims he is now raising in his collateral state appeal. He knows and he accepts that." Id. at 8.

On May 1, 2023, before the court had ruled on the motion to dismiss, the petitioner—on his own, rather than through counsel—filed a motion for joinder asking this court to join his current *state* postconviction proceeding with this federal case. Dkt. No. 58.

**II. Analysis**

   A.   The Petitioner's Arguments

The petitioner asks for joinder of his §974.06 postconviction motion in Case No. "2022AP1820/11CF924" and this case. Dkt. No. 58 at 1. He says that he is "willing" to withdraw the "State appeal of issues that have been exhausted in his direct appeal, which are listed in the State's Response Brief." Id. He characterizes the State as having conceded in its state court appellate response brief that the issues the plaintiff wishes to pursue in this federal proceeding "are ripe to proceed." Id. He says those issues have run their course in the state system and "there are no other remedies available." Id. at 1-2. He then says that he believes that he "cannot and will not get a fair and effective ruling by the State Courts Judicial System," and he asks "this court to intervene." Id. at 2.

4

The petitioner asserts that after years of stalling, the petitioner's state court proceedings were "exhausted in 2021 . . . ." Id. He asserts that the state never has addressed the merits of any of his issues, including "the double jeopardy issue." Id. at 3. He explains that in 2022, he filed a *pro se* post-conviction motion in the circuit court, that it was denied on the merits, that he appealed and that he "just received a response from the Attorney General's Office after two extensions." Id. He noted that in 2022 his lawyer had asked this court to reopen the federal *habeas* proceedings and that this court had agreed. Id.

The petitioner says that he is asking the court to join the state and federal cases because the State has had "six different opportunities to address these issues on its merits and have refused to do so." Id. He asserts that for the case to be understood fully, it must be litigated as a whole, in context, by means of this court holding an evidentiary hearing. Id. He says, "Preparing a motion is not the proper solution to understanding the facts of this case." Id. He argues that the case was charged in pieces and has been litigated piecemeal "to circumvent the true nature of the double jeopardy claim." Id. at 3-4. For this reason, he asserts that he does not have an effective state remedy available to him. Id. at 4. He insists that joinder will stop the conflicts between the different rulings of different judicial branches and different state sovereigns. Id. He asserts that he is entitled to a Machner hearing[2] "to muster the fact," and that he's not been given one. Id. at 4-5.

---

[2] Referencing Wisconsin v. Machner, 92 Wis.2d 797, 804 (Wis. 1979), in which the Wisconsin Court of Appeals held that "where a counsel's conduct at trial is questioned, it is the duty and responsibility of subsequent counsel to go beyond mere notification and to require counsel's presence at the hearing at which his conduct is challenged."

5

The petitioner asserts that this court has "jurisdiction" and can address the alleged "conflict with the Milwaukee County District Attorney's Office and the State's Attorney General's Office decision on the same issue." Id. at 5. He says that this court should address all the issues in an evidentiary hearing and cites Federal Rule of Civil Procedure 8(a) regarding joinder. Id. The petitioner says that the one issue that has not been addressed is the question of "[w]hy wasn't these charges brought in the first criminal complaint?" Id. at 6. The petitioner asks this court to "intervene and join all [his] cases in the federal court 2254." Id. at 7 (citing Carter v. Buesgen, 10 F.4th 715, 719 (7th Cir. 2021)).

The petitioner asserts that under the *habeas* statute, he is not required to exhaust his state remedies if there is an absence of available state corrective process or if the process would be ineffective to address his rights. Id. (citing 28 U.S.C. §2254(b)(1)(A)). He insists that the remedies available to him in Wisconsin's state courts are not effective to protect his rights. Id. at 8. He says that "[n]ot a single court has reviewed [his] challenges and addressed the one issue and claim preclusion and why the second charges wasn't brought in the first criminal complaint at any level of the state judiciary." Id. at 8. He asserts that under the circumstances, he "must be excused from exhausting his 974.06 if there is an exhaustion issue and he should be allowed to bring the claims alleged in his state motion for post-conviction relief directly to federal court." Id. He asserts that the State knows that he should not have been tried "a second time for the same crime," and says that if this court doesn't join his state and federal cases, "the Wisconsin Court of Appeals will allow [his] case to sit for the next 2 years awaiting a decision." Id. at 9. He expresses concern that if he is required to wait for the state courts to "burn" more time deciding his

6

post-conviction motion, this *habeas* petition will not be resolved until he has served the remainder of his sentence. Id.

The petitioner says that he would "like to have [his] issues heard and decided in the federal court . . . [e]ven if it means losing some of [his] issues because [he] already know[s] what will happen in the State judicial system." Id. He says that on April 25, 2023, he received in the mail the State's response brief to his post-conviction motion, in which (he says) it concedes that the double jeopardy claims have been exhausted. Id. He describes the issues he claims the State has conceded as "(1) Double Jeopardy Cocaine Conspiracy, Double Jeopardy Firearms Conspiracy, Double Jeopardy Issue and Claim Preclusion, Statutory Interpretation of State law (968.29(5), Brady Issues for Withholding the Wiretap Application until after trial, and Title III Wiretap laws." Id. at 9-10.

The petitioner concludes by stating that he is requesting "a joinder of his State court 974.06 and his federal 2254," and repeats that he is "willing to withdraw his state court appeal on the exhausted issues due to the concession of the State admitting to the exhausted issues in their response brief." Id. at 10.

B. The Respondent's Arguments

Although the petitioner filed the joinder motion on May 1, 2023, the respondent did not respond. It is possible that the respondent did not respond because although the petitioner filed this *pro se* motion himself, at the time he was represented by Attorney Anderson Gansner. "The general rule is that when a litigant is represented by counsel, he or she is not entitled to conduct court proceedings *pro se*." In re Commitment of Wattleton, 364 Wis.2d 526, *2 (Ct. App. June 16, 2015) (citations omitted). Or perhaps the respondent did not file

7

an opposition because he is aware that this federal court does not have the authority to "join" state and federal cases.

  C.  <u>Analysis</u>

  The petitioner's motion mentions Rule 8(a). Dkt. No. 58 at 5. Fed. R. Civ. 8(a) does not relate to joinder. That rule describes the rules for pleadings in federal court, describing a complaint and an answer and what each must contain.

  Perhaps the petitioner meant to cite Fed. R. Civ. P. 18(a), which allows a party asserting a claim to "join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 18(a) does not authorize a federal court to join claims brought in state court—a separate sovereign—with claims pending in federal court. It allows a plaintiff to join in a single, *federal* case as many claims as he has against a single defendant. There is no rule or law allowing a federal court to "join" a case that was brought in state court with claims brought in federal court. The federal court and the state court are separate, equal sovereigns—this court cannot take cases from state court and make them federal.

  The petitioner also appears to be trying to add to this federal *habeas* petition claims that he did not originally bring, and he is doing so after the one-year AEDPA limitation period has expired. As noted, in his original petition (which he filed *pro se*), the petitioner raised only two grounds for relief. His first claim, titled "Double Jeopardy," was as follows:

> [The petitioner] was arrested October 19, 2008, without a warrant, while in front of his home for "Both" Conspiracy to distribute cocaine and also firearms violation in relationship to an ongoing wiretap operation on cellular telephone used by [the petitioner]. [The petitioner' was charged on March 20, 2009, with Conspiracy to deliver a controlled count-1, Possession of firearm by felon count-2, and furnishing a firearm to felon count-3; the charges were severed

8

> [the petitioner] went to trial on count-1 Conspiracy to deliver cocaine. [The petitioner] was acquitted by Jury on Jan. 12, 2011; on March 23, 2011, [the petitioner] plead guilty to the possession of a firearm count-2 and furnishing a firearm to a felon was dismissed count-3, six weeks later on Feb. 24, 2011, [the petitioner] was charged again with the same charges out of the same Conspiracy and same investigation that convened in 2002 and culminated 2008. On Feb. 24, 2011, [the petitioner] was charged with Conspiracy to deliver a controlled substance cocaine count 1; furnishing a firearm-. . . . . . . to felon count-3; and Conspiracy to deliver a controlled substance marijuana on count-2, that was an amended charge; motions of Double jeopardy was filed in the state Circuit Court that were denied, [the petitioner] appealed to Wisconsin Court of Appeals District One, that appeal was denied Ex Parte, therefore, the Appeals Court refused to address the Double Jeopardy issue. [The petitioner] was forced into another trial on February 10, 2011, in which he was found guilty using the same evidence, by the same officers, same prosecutor, and the same charges.

Dkt. No. 1 at 6-7; Dkt. No. 1-1 at 1.

The second ground, which the petitioner titled "The State failed to follow clearly established Federal Law and Standard for Review of the Contrary to Clause of the AEDPA," was as follows:

> Double Jeopardy Clause are among the selected few charges that are immediately appealable. [The petitioner] was forced into another trial on Feb. 10, 2011, in which he was found guilty using the same evidence, by the same officers, same prosecutor, and the same charges. [The petitioner] was forced to go to trial on a second same offense before the resolution of his appeals process that is afforded to him under the U.S. Constitution of the Bill of Rights fifth Amendment that the State refuse to do, and follow clearly established Federal Law and those Standards for Review of the Contrary to Clause of the AEDPA.

Dkt. No. 1 at 7.

At the end of the petition, the petitioner made the following request for relief:

> 1)The second prosecution shall be bar by the doctrine of Collateral Estoppel, Issue and Claim Preclusion, and the Double Jeopardy Clause of the Fifth Amendment. 2)The second prosecution be reversed due to the violation of these Constitutionalsa safeguards of

> the Fifth, and Fourteenth Amendments. 3)The charges are reversed due to the States failure to comply with clearly established Federal Application, in . . . . . . . . . . . . . violation of the Contrary to clause of AEDPA, which is a substantive Due Process violation resulting in reversal, for forcing [the petitioner] into a second same offense trial before the resolution of his appeal process of Double jeopardy that is immediately appealable.

Id. at 12; Dkt. No. 1-1 at 1.

In its screening order, the court allowed the petitioner to proceed on only *one* ground: "the first ground listed in his petition—his claim that the February 2011 prosecution and resulting conviction violated the Double Jeopardy Clause of the Fifth Amendment to the Constitution." Dkt. No. 13 at 6. It did *not* allow the petitioner to proceed on claims of "Claim Preclusion, Statutory Interpretation of State law (968.29(5), Brady Issues for Withholding the Wiretap Application until after trial, and Title III Wiretap laws," Dkt. No. 58 at 9-10—the claims he now says he wants to "join" to the claims he made in his federal petition. If the petitioner wanted to bring those claims in his federal petition, he should have raised them as grounds in his original petition (not just mentioned some of them in his prayer for relief at the end of the petition).

As discussed above, a lawyer filed a notice of appearance for the petitioner in December 2015, after the respondent's first motion to dismiss had been fully briefed. Dkt. No. 29. In January 2016, counsel filed a supplement to the petitioner's opposition to the first motion to dismiss. Dkt. No. 34. The petitioner's counsel asserted that the petition rested on *two* grounds: that the petitioner's Fifth and Fourteenth Amendment rights against double jeopardy were violated "when he was retried in 2014 for the same conduct for which he was acquitted in 2011," and that his Fifth and Fourteenth Amendment rights against double jeopardy were violated "when he was convicted of conduct in 2014 for which he was acquitted in 2011." Id. at 1. At that time, counsel

10

reported that the 2014 conviction was in the process of direct appeal. Id. at 2. Counsel conceded that the petitioner had not exhausted his remedies because the state-court direct appeal was pending, but argued that the court still should consider the merits of the double jeopardy claim because the question for each claim was the same—whether the 2014 trial violated the petitioner's right against double jeopardy. Id. at 2-3. In the alternative, counsel asked for a stay so that the petitioner could exhaust his remedies. Id. at 3-4. Counsel made no mention of claim preclusion, interpretation of state law, Brady issues or Title III wiretap laws. Again, if the petitioner had wanted this court to consider such claims, he should have brought them in his original petition. And if the petitioner brought those claims in his state-court post-conviction motion and he has not yet exhausted his remedies on those claims, they do not belong in this petition.

It appears that the relief the petitioner seeks is not so much joinder of his state case with this federal case—which, as the court has explained, it has no authority to do—but a ruling from this court excusing him from complying with the exhaustion requirement. The exhaustion requirement under 28 U.S.C. §2254(b)(1)(A) forbids a federal district court from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary

11

review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing O'Sullivan, 526 U.S. at 845). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

The petitioner argues that he should be excused for his failure to exhaust because the State has prevented him from exhausting all his issues through the state appeal and postconviction processes. Dkt. No 58 at 8. The petitioner's experienced counsel could have made that argument in his response to the motion to dismiss, which he filed prior to the petitioner's filing his *pro se* motion for joinder. Counsel did not do so—he argued that the issues that the petitioner was litigating in his various state-court post-conviction cases were different than the single claim that the petitioner has raised in this *habeas* proceeding—and he argued that the petitioner had exhausted his remedies as to that single issue. Dkt. No. 56.

The court will deny the motion for joinder.

### III. Conclusion

The court **DENIES** the motion for joinder. Dkt. No. 58.

The court will issue a separate order, ruling on the respondent's motion to dismiss.

Dated in Milwaukee, Wisconsin this 15th day of September, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**