UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,

              Petitioner,

                                     Case No. 15-cv-437-pp

    v.

MICHAEL MEISNER,[1]

              Respondent.

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 54), GRANTING PRIOR COUNSEL'S REQUEST FOR SUBSTITUTE COUNSEL (DKT. NO. 59) AND DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 62)**

## I.    Procedural History

On April 13, 2015, Billy Cannon (representing himself) filed a petition under 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. The petitioner alleges that on March 20, 2009, the State charged him with conspiracy to deliver a controlled substance, possession of a firearm by a felon and furnishing a firearm to a felon. Id. at 6-7. He asserts that he was acquitted by a jury on the drug charge and pled guilty to the felon-in-possession charge, and that the State dismissed the furnishing-a-firearm charge. Id. at 7. He alleges that six weeks later, on February 24,

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Fox Lake Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Michael Meisner as the respondent.

1

2011, the State charged him with the same crimes, in violation of the Fifth Amendment's Double Jeopardy Clause. Id. at 7, 12.

On June 1, 2015, the court screened the petition, and allowed the petitioner to proceed on his Fifth Amendment double jeopardy claim.[2] Dkt. No. 13. On August 28, 2015, the respondent filed a motion to dismiss the petition for failure to exhaust state court remedies, arguing that the petitioner still had an available remedy for the Double Jeopardy Clause claim through the direct state court appeal process. Dkt. No. 17 at 18. On March 15, 2016, the court denied the motion to dismiss and stayed the proceedings to allow the petitioner to exhaust his state court remedies for the double jeopardy claim. Dkt. No. 36. On February 26, 2018, the court ordered the clerk to administratively close the case while the petitioner finished exhausting his administrative remedies. Dkt. No. 47. The court explained that "[a]s soon as the state litigation is complete, the petitioner may file a one-sentence motion, asking the court to lift the stay and reopen his case." Id. at 2.

On May 3, 2022, the petitioner (now represented by counsel) filed a "Motion to Lift Stay and Reopen Defendant's Case," reporting that he had exhausted his state court remedies for the double jeopardy claim. Dkt. No. 48.

---

[2] In his *habeas* petition, the petitioner raised a second ground for relief—that "[t]he State failed to follow clearly established Federal Law and Standard for Review of the Contrary to Clause of the [Antiterrorism and Effective Death Penalty Act of 1996]." Dkt. No. 1 at 7. Observing that the petitioner had not specified "which decision of which court violated which clearly established Federal law," the court found that the petitioner's second ground for relief did not state a claim for which a federal court could grant *habeas* relief and ordered that the petitioner not proceed on that claim. Dkt. No. 13 at 5-6.

The court granted the motion and ordered the clerk's office to reopen the case. Dkt. No. 50. Approximately six months later, the respondent filed another motion to dismiss the petition for failure to exhaust available state-court remedies. Dkt. No. 54. That motion is fully briefed.

Also pending is a request from the petitioner's prior counsel, asking the court to appoint the petitioner substitute counsel. Dkt. No. 59; see also Dkt. No. 62 (reiterating prior counsel's request for substitute counsel). In December 2016, the court had ordered that Federal Defender Services of Wisconsin appoint counsel to represent the petitioner. Dkt. No. 42. Less than three weeks later, Attorney Anderson Gansner of FDSW filed a notice of appearance on the petitioner's behalf. Dkt. No. 43. Attorney Gansner represented the petitioner until June 2023, when he filed a motion to withdraw, notifying the court that he had been appointed to serve as a judge on the Milwaukee County Circuit Court and no longer could represent the petitioner. Dkt. No. 59. Attorney Gansner asked the court to appoint the petitioner substitute counsel. Id. The court granted Attorney Gansner's motion to withdraw but deferred appointing substitute counsel because the pending motion to dismiss was fully briefed. Dkt. No. 60. The court said that it would determine whether appointment of counsel was necessary after it reviewed the briefing. Id. The court has reviewed the briefing on the motion to dismiss; it will deny that motion and grant the petitioner's motion to appoint counsel.

II.     **Respondent's Motion to Dismiss (Dkt. No. 54)**

A.      Background

The petitioner's double jeopardy claim relates to two state-court cases: State v. Cannon, Case No. 2009CF001337 (Milwaukee County) and State v. Cannon, Case No. 2011CF000924 (Milwaukee County) (both available at https://wcca.wicourts.gov). The 2009 case charged the petitioner with manufacturing and delivering cocaine, possession of a firearm by a felon and furnishing a firearm to an unauthorized person. State v. Cannon, Case No. 2009CF001337. A jury trial began on January 10, 2011. Id. On January 12, 2011, the jury found the petitioner not guilty on Count One (the drug charge), and the court dismissed that count. Id. The court adjourned to March 23, 2011 the trial on the remaining two counts. Id. The petitioner subsequently entered a guilty plea to Count Two (possession of a firearm by a convicted felon) and the State moved to dismiss Count Three (furnishing a firearm to an unauthorized person). Id. The court accepted the guilty plea to Count Two, entered judgment and granted the state's motion to dismiss Count Three. Id.

In February 2011, about a month after the court had adjourned the trial in the 2009 case, the state filed a second complaint, charging the petitioner with conspiracy to manufacture and deliver cocaine, possession of THC with intent to distribute and furnishing a firearm to an unauthorized person. State v. Cannon, Case No. 2011CF000924. The 2011 case proceeded to a jury trial on February 10, 2014. Id. On February 14, 2014, a jury found the petitioner guilty on all three counts. Id.

4

On April 14, 2014, the Milwaukee County Circuit Court sentenced the petitioner in the 2011 case. State v. Cannon, Case No. 2011CF000924. On the cocaine charge alleged in Count One, the petitioner received twelve years of incarceration and ten years of extended supervision. Id. On the marijuana charge alleged in Count Two, the court sentenced the petitioner to seven years in prison and four years of extended supervision, to run concurrently with the sentence imposed in Count One. Id. On the firearm charge in Count Three, the petitioner received four years in prison and four years of extended supervision, to run consecutive to the sentences imposed in Counts One and Two. Id. The court entered the judgment of conviction on April 4, 2014. Id.

It is not clear from the petition whether the petitioner meant to assert that all three of the charges and convictions from the 2011 state-court case violated the Double Jeopardy Clause. The petition does not specify whether it challenges a specific charge and conviction, two of the charges and convictions or all three charges and convictions. See Dkt. No. 1 at 12 ("The second prosecution shall be bar[red] by . . . the Double Jeopardy Clause of the Fifth Amendment."). In screening the petition, this court did not say whether the petitioner could proceed with his Double Jeopardy Clause claim as it relates to one, two or all three of the charges and convictions from the 2011 case. Dkt. No. 12. The court stated only that the petitioner could "proceed on the first ground listed in his petition—his claim that the 2011 prosecution and resulting conviction violated the Double Jeopardy Clause of the Fifth Amendment to the Constitution." Dkt. No. 13 at 6. When staying the proceedings to allow the

5

petitioner to exhaust his remaining state court remedies, the court did not say whether that claim related to the charge and conviction on Count One (manufacturing and delivering cocaine), Count Two (possession of THC with intent to distribute), Count Three (furnishing a firearm to an unauthorized person) or some combination of the three. Dkt. No. 36 at 12-16.

In briefing the respondent's motion to dismiss, the parties clarify that the Double Jeopardy Clause claim relates solely to the petitioner's 2011 charge and conviction for conspiracy to deliver cocaine—Count One in State v. Cannon, Case No. 2011CF000924. Dkt. Nos. 55 at 2 ("Cannon challenges only his conspiracy to deliver cocaine conviction."); 56 at 3 ("[The petitioner] properly raise[s] *one* claim . . . : whether his cocaine conspiracy conviction violates the constitution's Double Jeopardy clause.") (emphasis in original); see also Dkt. No. 55-3 at 2 (a Wisconsin Court of Appeals decision dated May 25, 2021, providing that the petitioner "argues that the conspiracy to deliver cocaine charge violates his constitutional rights against double jeopardy," without mention of the other two charges).

The sole claim before this court is that the petitioner's charge ofr, and conviction for, conspiracy to deliver cocaine in State v. Cannon, Case No. 2011CF000924 violated the Double Jeopardy Clause.

B.    The Respondent's Motion to Dismiss (Dkt. No. 55)

The respondent says in the brief in support of his motion to dismiss that the question raised in his motion is whether the petition should be dismissed "outright," and asserts that the answer to that question is that the court

6

"should dismiss the Petition because [the petitioner] is still in the process of exhausting available state court remedies with respect to the same judgment of conviction he challenges here." Dkt. No. 55 at 1.

The respondent recounts that on May 3, 2022, the petitioner notified the court that he had exhausted his state court remedies for the double jeopardy claim and asked the court to reopen his case. See Dkt. No. 55 at 2-3 (citing Dkt. No. 48). The respondent reports that on April 18, 2022—approximately two weeks before asking the court to reopen the federal *habeas* case—the petitioner filed in Milwaukee County Circuit Court a Wis. Stat. §974.06 motion for collateral postconviction relief. Dkt. No. 55 at 3 (citing Dkt. No. 55-1 at 10-11). The respondent explains that in that motion, the petitioner "challenged the effective assistance of his trial counsel for not adequately litigating the same double jeopardy and issue preclusion challenges to his conviction for furnishing a firearm to an unauthorized person that he brings [in federal court] with respect to his cocaine conviction at the same trial." Id. at 3. The respondent observes that the petitioner "was found guilty of the [furnishing a firearm] offense by the same jury at the same trial as the [conspiracy to deliver] cocaine charge," and that the two convictions are part of "the same judgment." Id. at 3-4 (citing Dkt. Nos. 55-2 at 41-44; 3). The respondent recounts that the Milwaukee County Circuit Court denied the petitioner's Wis. Stat. §974.06 motion and that the petitioner's appeal of that ruling currently is pending before the Wisconsin Court of Appeals. Id. at 4.

After explaining this series of events, the respondent says, "A petition containing both exhausted and unexhausted claims must be dismissed." Id. He asserts that the petitioner "still has, and is utilizing, an available state court remedy to challenge his firearms conviction on the same constitutional grounds that he is challenging his closely-related cocaine conspiracy conviction." Id. The respondent asserts that the petitioner's April 2022 Wis. Stat. §974.06 motion tolled the one-year limitation period under 28 U.S.C. §2244(d)(2) for filing a federal *habeas* petition. Id. at 4-5.

The respondent then pivots to a different issue, conceding that the petitioner's claim here and his claim in state court "are not identical." Dkt. No. 55 at 5. He nonetheless asserts that "one [claim] is derivative of the other." Id. The respondent argues that "[the petitioner] seeks the same relief against the same judgment of conviction in both courts: a new trial based on the same alleged federal constitutional error," and maintains that the petitioner is challenging the same "pertinent judgment" in both courts. Id. The respondent finds it "obvious" that "if [the petitioner] prevails on his double jeopardy/issue preclusion claim in state court with respect to the firearms conviction, the decision will likely impact the identical double jeopardy/issue preclusion claim that he presents with respect to the cocaine conspiracy conviction." Dkt. No. 55 at 5-6. "Conversely," the respondent argues, "if this Court rules in [the petitioner's] favor on the double jeopardy/issue preclusion claim with respect to the cocaine conviction, it will likely impact the . . . claim pending in state

8

court, rooted as it is in the same double jeopardy/issue preclusion claim." Id. at 6.

Next, the respondent asserts that in his April 2022 request to this court to reinstate his federal *habeas* proceedings, the petitioner did not notify this court that he was "presenting in state court a derivative ineffective assistance claim inextricably rooted in the double jeopardy claim that he presents here," and argues that there was "no reason for [the petitioner] to proceed this way." Id. The respondent posits that the petitioner is engaging in "gamesmanship," "hedging his bets by choosing to litigate his related claims in state and federal court at the same time." Id.

The respondent then returns to the concept of exhaustion, asserting that "in the interest of federal-state comity," the exhaustion requirement "prohibits simultaneous litigation of challenges to the same criminal conviction in state and federal court." Id. (citing Perry v. Fairman, 702 F.2d 119, 120 (7th Cir. 1983)). The respondent argues that to "avoid[] the obvious risk of inconsistent rulings [in federal and state court,]" the petitioner must exhaust all state court remedies "before [he] may challenge his cocaine conspiracy conviction in federal court." Id. (citing Thompson v. Carr, Case No. 20-CV-280, 2020 WL 4569179, at *2 (E.D Wis. Aug. 7, 2020)). The respondent insists that the petitioner "must now decide how he wishes to proceed." Id.

The respondent concludes that the court should dismiss the petition "outright" because—

9

—the petitioner wasn't candid with this court about his intent to "simultaneously pursue state court litigation against the same judgment when he asked it to reinstate this action (and, the respondent says, the petitioner has not been candid with the state court about his federal litigation);

—the petitioner didn't ask this court to stay the federal *habeas* proceedings when he filed the Wis. Stat. §974.06 motion; and

—the petitioner has not explained why he didn't exhaust "all of his available constitutional challenges to his conviction for both the cocaine and firearms offenses in state court on either direct or collateral review" before filing this federal *habeas* petition. Id. at 7.

C.     The Petitioner's Response (Dkt. No. 56)

The petitioner was represented by counsel when he filed his response to the motion to dismiss. On the first page of that response, counsel observed that the court had stayed the case for more than six years so that the petitioner could exhaust his single claim (whether the cocaine conspiracy conviction violated the Double Jeopardy Clause), then observed that "[d]espite all this," the respondent was requesting dismissal because the petitioner had "separately filed a pro se state collateral attack on a different count—a state felon-in-possession charge." Dkt. No. 56 at 1.

The petitioner acknowledged "that he was convicted of different counts of conviction as part of the same underlying state case." Id. at 2. He acknowledged "that he launched a separate pro se collateral attack on his felon-in-possession conviction [in 2022]." Id. He did not contest "the black

10

letter law cited in respondent's motion, explaining that habeas petitions raising *both* exhausted and unexhausted claims should typically be dismissed." Id. (emphasis in original). But he argues that none of that affects the *habeas* petition before this court because the *habeas* petition does not raise any unexhausted claims, and "there is no requirement that a petitioner stop all state collateral attacks in order to have other, properly exhausted federal constitutional claims heard." Id. at 2-3.

The petitioner recounts that the "respondent first notes general law regarding exhaustion and how 'mixed' habeas petitions are disfavored." Dkt. No. 56 at 3 (citing Dkt. No. 55 at 4). The petitioner does not dispute that petitions with exhausted and unexhausted claims ("mixed" petitions) are disfavored, but asserts that his petition is not mixed; he says that it "properly raises[s] *one* claim . . . : whether his cocaine conspiracy conviction violates the constitution's Double Jeopardy clause." Id. (emphasis in original). And he emphasizes that the respondent has conceded that that claim is exhausted. Id.

Regarding the respondent's observation that federal courts should not consider §2254 *habeas* claims when a state court "is prepared to afford a prisoner a meaningful remedy," the petitioner agrees. Id. at 3. But he says that assertion begs the question: "a meaningful remedy as to what?" Id. The petitioner maintains that if he were to win a new trial in state court on the felon-in-possession conviction, that ruling would not entitle him to a retrial in state court on the cocaine conspiracy conviction—any other counts of conviction would remain intact. Id. So, he says, "the fact that Wisconsin's court

11

system may allow [him] to attack his felon-in-possession conviction on collateral review [in state court] does not affect whether this Court can consider a separate argument regarding a different count of conviction." Id. at 3-4.

The petitioner then addresses the respondent's argument that by filing his Wis. Stat. §974.06 petition in state court, the petitioner tolled the *habeas* limitation period specified by 28 U.S.C. §2244(d). The petitioner explains that §2244(d) "uses the term 'judgment' to describe when that statute of limitations' one-year clock begins running . . . ." Id. at 4. He says, however, that the §2244(d) "judgment" language "does not apply to the exhaustion provisions in § 2254," maintaining that the statute does not require that "all claims challenging any counts from one judgment must be exhausted before a federal court can proceed." Id. The petitioner directs the court to §2254(c), which says "that a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State' if a petitioner can still raise under State law *'the question presented'*" in the petitioner's *habeas* petition. Id. (Emphasis the petitioner's). Thus, he argues, "the exhaustion requirement deals with specific 'questions presented' – meaning claims, not 'judgments.'" Id. He argues that because "the 'question presented' by his habeas petition [is exhausted] and stands separate from the multiple claims [he] is raising in his pro se state appeal challenging his felon-in-possession convictions," the claim properly is before this court, even though he has raised several claims in state court challenging a different count of conviction. Id.

12

The petitioner also distinguished the facts of his case from those in Thompson, 2020 WL 4569179, explaining that unlike the petitioner in that case, the petitioner in this case "now, has no available state remedies with regard to the single claim he raises in his petition." Id. at 6. And, he points out, Thompson "cites to case law confirming that the exhaustion requirement deals with claims, not general 'judgments.'" Id. (citing Thompson, 2020 WL 4569179, at *2).

The petitioner argues that at bottom, the respondent has reverted to a "policy argument." Id. at 7. He speculates that the respondent believes "that some of the legal analysis might overlap between [his] cocaine conspiracy Double Jeopardy claim and the multiple arguments he makes in his pro se state collateral appeal attacking his felon-in-possession conviction." Id. The petitioner says that whether that is true "is hard to know," as is "whether any of this Court's potential reasoning might 'impact' the Wisconsin Court of Appeals, and whether any impact would be inappropriate." Id. The petitioner concludes that while he "has properly exhausted his single claim, such that it can now be considered by this Court," he also "understands that by proceeding on his one exhausted and properly presented claim, he will likely be barred from raising other claims in a future habeas proceeding," including "the claims he is now raising in his collateral state appeal." Id.

D.     The Respondent's Reply (Dkt. No. 57)

The respondent replies that the petitioner has admitted "that he is now simultaneously challenging [the 2011] judgment in this Court and in the

Wisconsin Court of Appeals." Dkt. No. 57 at 1-2. He insists that the petitioner is bringing "the identical double jeopardy/issue preclusion claim in both courts," but says that that claim "in this Court goes only to the cocaine conspiracy count, whereas his double jeopardy/issue preclusion claim in state court goes only to the firearm count." Id. at 2. The respondent complains that the petitioner has not explained why he chose to proceed this way, or why he did not exhaust all his constitutional challenges to the 2011 judgment of conviction at the same time, and repeats his allegation that the petitioner is trying to game the system in the hope of getting "a favorable decision on the double jeopardy/issue preclusion claim in at least one court that he can take back to the other court." Id.

The respondent maintains that there is a risk that the petitioner will get inconsistent decisions on the same legal claim, which "runs headlong into the interest in preserving federal/state court comity." Id. He reiterates his belief that the petitioner "has not finished exhausting his double jeopardy/issue preclusion challenge to his conviction in state court." Id.

The respondent is not mollified by the petitioner's acknowledgment that he likely will be barred from filing a federal *habeas* petition as to his firearm conviction once the state proceedings are complete. Id. at 3. He says there remains a risk of inconsistent judgments in the two sovereigns on the same "double jeopardy/issue preclusion claim," and asserts that the federal "question presented" is the same in both courts. Id.

The respondent concludes that the court either should "dismiss the Petition outright" or, in the alternative, "stay its hand until after the Wisconsin courts have ruled on the same constitutional challenge to the same judgment of conviction that [the petitioner] brings here." Id.

E.    Analysis

The exhaustion requirement of 28 U.S.C. §2254(b)(1)(A) forbids a federal district court from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing O'Sullivan, 526 U.S. at 845). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

The parties agree that the petitioner has presented to the Wisconsin Supreme Court his claim that his cocaine conspiracy charge and conviction in State v. Cannon, Case No. 2011CF000924 violates the Double Jeopardy Clause. Dkt. Nos. 55 at 3; 56 at 3. That means that the petitioner has exhausted that claim. The parties also agree that that claim is the petitioner's

15

only claim before this court. Dkt. No. 55 at 2; 56 at 1-2. That means it is undisputed that the petitioner's §2254 *habeas* petition presents a single, exhausted claim. The respondent's chief argument in favor of dismissal—that the court must dismiss the petition because the petitioner "is still in the process of exhausting available state court remedies with respect to the same judgment of conviction he challenges here," dkt. no. 55 at 1—is without merit.

Similarly, the respondent's legal arguments about "mixed" petitions containing both exhausted and unexhausted claims are irrelevant. By discussing cases addressing "mixed" petitions, the respondent implies that in filing a Wis. Stat. §974.06 postconviction motion arguing that his state criminal counsel was ineffective in litigating a double jeopardy attack on his firearm conviction, the petitioner rendered the federal *habeas* petition a "mixed" petition because the federal *habeas* involves a challenge to a count of the same judgment of conviction that contains the count challenged in state court. Dkt. No. 55 at 4. It is true that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims," because "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). But this court is not faced with a "mixed" petition. A mixed petition is one that raises both exhausted and unexhausted claims. Id. The parties agree that the petition raises a single, exhausted claim. The petitioner has not exhausted his claim that his state counsel was

16

ineffective in litigating a double jeopardy attack on the firearm conviction, but that claim is not included in the federal *habeas* petition. The prohibition against a federal court deciding a "mixed" petition does not apply here.

The respondent asserts that one claim is "derivative" of the other. Dkt. No. 55 at 5. He argues that the state-court claim is "a derivative ineffective assistance claim inextricably rooted in the double jeopardy claim that [the petitioner] presents here," because, he argues, the petitioner is challenging the "same criminal conviction." Id. at 6.  The petitioner speculated that the respondent believes that the claim before this court—that the petitioner's 2011 charge and 2014 conviction for cocaine conspiracy violate the Double Jeopardy Clause—"overlaps" with his state-court claim that his criminal counsel rendered ineffective assistance of counsel in failing to adequately litigation a double jeopardy challenge to his 2011 charge and 2014 conviction for furnishing a firearm to an unauthorized person. The Seventh Circuit addressed this concept of "overlapping" claims in Lisle v. Pierce, 832 F.3d 778 (7th Cir. 2016). At the time Lisle filed his federal *habeas* petition, he had "two collateral review proceedings still pending in state courts, which raised the prospect that his federal petition might have combined exhausted and unexhausted claims." Id. at 785. The Seventh Circuit concluded that the claims raised in the state-court matters did not "overlap at all with the federal claims in Lisle's federal petition." Id.

The respondent appears to argue that because both the petitioner's federal *habeas* challenge and his state §974.06 challenge involve the Double

17

Jeopardy Clause, and because the target charges/convictions for each occurred in the same case, there must be some overlap between the state claims and the federal one. He argues that if the petitioner is successful on a challenge in one court, that success will "impact" the challenge pending before the other court. This argument is flawed.

In his federal *habeas* case, the petitioner argues that in the 2009 case, he was acquitted of a cocaine conspiracy charge, then was subjected to that same cocaine conspiracy charge in 2011 and convicted. The state court docket shows that in the 2009 case, the petitioner was charged in Count One with conspiracy to manufacture/deliver cocaine (>40 grams), as a party to a crime, and that on January 12, 2011, a jury returned a verdict of "not guilty" as to that count. State v. Cannon, 2009CF1337 (Milwaukee County), available at https://wcca.wicourts.gov. It shows that on February 22, 2011, a warrant was issued for the petitioner in State v. Cannon, 2011CF924; that he was charged in Count One of that case with conspiracy to manufacture/deliver cocaine (>40 Grams), second or subsequent drug offense; and that on February 14, 2014, the jury returned a guilty verdict on Count One. State v. Cannon, 2011CF924 (Milwaukee County), available at https://wcca.wicourts.gov.

To succeed on the double jeopardy claim he brings before this court, then, the petitioner will need to prove that the offense of which he was acquitted in the 2009 case and the offense with which he was charged and convicted in the 2011 case constitute the "same offence" under the Double Jeopardy Clause. See Brown v. Ohio, 432 U.S. 161, 164 (1977). The petitioner

18

must demonstrate that the offenses contained the same elements, or that they involved the same conduct. United States v. Dixon, 509 U.S. 688, 696-97 (1993) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932) and Grady v. Corbin, 495 U.S. 508, 510 (1990)).

In his state case, the petitioner argues (among other things) that the firearm with which he was charged in the 2009 case and the different firearm with which he was charged in the 2011 case resulted from the same intercepted 2008 conversation, that the 2011 prosecution for the second firearm constituted double jeopardy because the state should have charged both firearms in the 2009 case but didn't and that his counsel in the 2011 case rendered ineffective assistance of counsel in failing to litigate that issue. Dkt. No. 55-2. In essence, the petitioner argues in state court that the crime with which he was charged (and of which he was convicted) in the 2009 case and the crime with which he was charged (and of which he was convicted) in the 2011 case were part of the same criminal episode, or course of conduct. The Supreme Court has held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady v. Corbin, 485 U.S. at 521.

The court fails to see how the plaintiff's success on the federal claim that he was charged in 2011 with a drug crime of which he had been acquitted in 2009 would impact his state claim that the state charged him in 2011 with a

19

firearm offense with which it could have charged him in 2009, or *vice versa*. Although the 2011 case resulted in the two convictions the petitioner challenges, and although both challenges involve some aspect of double jeopardy, the theories are different. The petitioner could prevail on the federal double jeopardy claim and it would have no impact on whether his trial counsel was ineffective for failing to argue that the state could have charged in 2009 the firearm offense it charged in 2011. And if the petitioner is successful in proving in state court that his trial counsel was ineffective in failing to argue that the state could have charged the petitioner in 2009 with the firearm offense it charged in 2011, that would not show that the petitioner's 2011 charge and conviction for cocaine conspiracy was the "same offence" for which he was acquitted in 2009. The court does not discern overlap between the state claim and the federal one.

Nor is the respondent's argument that the petitioner "still has, and is utilizing, an available state court remedy to challenge his firearms conviction on the same constitutional grounds that he is challenging his closely-related cocaine conspiracy conviction," dkt. no. 55 at 4, relevant here. The petitioner has not exhausted his claim that his state counsel was ineffective in litigating the double jeopardy challenge to the firearm count, but that claim is not before this court. And the claim that *is* before the court—that the 2011 charge and subsequent conviction for cocaine conspiracy violated the Double Jeopardy Clause—has been exhausted; the plaintiff no longer has an available state-court remedy for that claim.

The respondent asserts that the petitioner's failure to inform this court of his pending state court challenge to his firearm conviction when asking this court to reopen this case requires dismissal. Dkt. No. 55 at 6. He contends that there was no reason for the petitioner to exhaust his remedies for his challenge to his cocaine conspiracy conviction so that he could present that claim to this court in a §2254 petition, but to delay seeking state collateral relief for his firearms conviction. Id. The respondent accuses the petitioner of engaging in "gamesmanship," "hedging his bets by choosing to litigate his related claims in state and federal court at the same time." Id. This argument assumes that the petitioner stands to gain from litigating his two claims in different courts. As the court has explained, that is not the case. Even if the petitioner is successful on his federal *habeas* double jeopardy argument, that will not result in him succeeding on his state-court claim of ineffective assistance of counsel or double jeopardy as to the firearm charge, and *vice versa*.

The court will deny the respondent's motion to dismiss.

### III. Prior Counsel's Request for Substitute Counsel (Dkt. No. 59)

The petitioner was representing himself when he filed his §2254 habeas petition without the aid of counsel and when he opposed the respondent's initial motion to dismiss. But after briefing on the initial motion to dismiss had been completed, Attorney Brian P. Mullins filed an appearance on behalf of the petitioner, dkt. no. 29, and sought leave to file supplemental briefing on the motion, dkt. no. 30. Attorney Mullins continued to represent the petitioner while the petitioner exhausted his state court remedies, updating the court on

21

the state proceedings with bimonthly status reports during that time. Dkt. Nos. 37-40. In December 2016, Attorney Mullins filed a motion to withdraw, explaining that he had taken the petitioner's case on a "nominal fee," but that he could no longer work on the case because he had taken a job as an assistant federal defender in the Central District of Illinois. Dkt. No. 41 at ¶¶2-3. He asserted that the petitioner qualified for appointed counsel, given the complexity of the case, the petitioner's indigent status and the fact that "neither [the petitioner] nor counsel were aware that counsel would not be able to complete representing [the petitioner] when counsel was retained." Id. at ¶4. Approximately three weeks later, the court granted Attorney Mullins's motion to withdraw, and ordered that "that Federal Defender Services of Wisconsin appoint counsel to represent the petitioner under the Criminal Justice Act, assuming that the petitioner qualifies as indigent under FDSW's financial guidelines." Dkt. No. 42 at 2-3.

Several weeks later, Attorney Gansner filed a notice of appearance on behalf of the petitioner. Dkt. No. 43. Attorney Gansner filed the petitioner's opposition to the respondent's motion to dismiss. Dkt. No. 56. But approximately two months after briefing on the motion concluded, Attorney Gansner filed his motion to withdraw, dkt. no. 59, which the court granted, dkt. no. 60. In his motion to withdraw, Attorney Gansner asked that the court appoint the petitioner substitute counsel. Dkt. No. 59 at 1. Because the motion to dismiss was fully briefed, the court declined to appoint new counsel at that time. Dkt. No. 60. But the court stated that "if, after review of [the respondent's

motion to dismiss], [it] determine[d] that it is necessary to appoint substitute counsel for the petitioner, it w[ould then] order Federal Defender Services of Wisconsin to do so." Id. In December 2023, the petitioner filed a *pro se* request for appointed counsel. Dkt. No. 62.

The court is denying the respondent's motion to dismiss. The court will require the respondent to answer the petition. The court previously found that it was necessary to appoint the petitioner counsel. Dkt. No. 42 at 2-3. Nothing has changed about the petitioner's case; the issues remain sufficiently complex, and the court continues to believe that counsel is necessary for the petitioner to adequately litigate the case. The court will order that FDSW appoint the petitioner substitute counsel. Because the court is granting Attorney Gansner's motion for appointment of substitute counsel, it will deny as moot (unnecessary) the petitioner's later motion to appoint counsel. Dkt. No. 62.

## IV. Conclusion

The court **ORDERS** that Federal Defender Services of Wisconsin appoint counsel to represent the petitioner under the Criminal Justice Act.

The court **DENIES AS MOOT** the petitioner's motion to appoint counsel. Dkt. No. 62.

The court **DENIES** the respondent's motion to dismiss. Dkt. No. 54. The court **ORDERS** the respondent to answer the petition within sixty (60) days of the date of this order.

23

The court **ORDERS** that the parties must comply with the following briefing schedule for filing briefs on the merits of the petitioner's claim:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines. Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition shall not exceed thirty pages and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court requires the parties to double-space any typed documents.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Michael Meisner is the correct respondent.

Dated in Milwaukee, Wisconsin this 31st day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

24